IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KEVIN LYNDEL MASSEY, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:17-190 |
| | § | Criminal No. B:14-876-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On September 11, 2017, Petitioner Kevin Lyndel Massey filed a Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That petition is currently pending before the Court.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

After conducting that review, and for the reasons discussed below, the Court **RECOMMENDS** that the petition be denied as meritless because Massey's claims are legally frivolous.

### I. Procedural and Factual Background

On November 4, 2014, a federal grand jury – sitting in Brownsville, Texas, – indicted Massey on four counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). U.S. v. Massey, Criminal No. 1:14-876-1, Dkt. No. 26 (hereinafter "CR").

On November 12, 2014, Massey pled not guilty to the charges. A bench trial was held and, on September 30, 2015, Massey was found guilty of all four counts.

1

**A. Sentencing**

In the final presentence report ("PSR"), Massey was assessed a base offense level of twenty. CR Dkt. No. 134, pp. 11-12. He was also assessed a two-level enhancement because his offense involved at least five firearms and an additional two-level enhancement because the offense involved destructive devices – 20 improvised explosive devices. Id. Thus, Massey was assessed a total offense level of 24. Id.

Regarding his criminal history, Massey had four adult criminal convictions, but was assessed zero criminal history points because the convictions were too stale to merit any points. CR Dkt. No. 134, pp. 12-14. An offense level of 24 and criminal history category of I, produced a sentencing guideline imprisonment range of 51 to 63 months. Id, pp. 21-22.

On December 30, 2015, the Government filed a motion, seeking a non-guideline sentence, arguing that the guideline sentencing range "will not deter [Massey's] future conduct nor will it sufficiently protect the public from [Massey's] future activity." CR Dkt. No. 138.

On January 4, 2016, the Court held the sentencing hearing. CR Dkt. No. 173. During the hearing, Massey's counsel made a motion that Massey receive a two-level reduction for acceptance of responsibility on the grounds that Massey never denied possessing the firearms, but merely went to trial to argue the constitutionality of the statute that he was convicted of violating. CR Dkt. No. 173, p. 30. The Court granted Massey's motion and granted Massey the two-level reduction. Id, p. 32. Thus, Massey had an offense level of 22 and a criminal history category of I, resulting in a guideline sentencing range of 41 to 51 months. Id., pp. 33-34. The Court also overruled the Government's motion for a non-guideline sentence. Id, pp. 64-65.

The Court sentenced Massey to 41 months of incarceration, three years of supervised release, and a $200 special assessment, the last of which was ordered remitted. CR Dkt. No. 44. The judgment was entered on January 25, 2016. CR Dkt. No. 158.[1]

---

[1] Pursuant to a motion by the Government, the Court dismissed counts one and four. CR Dkt. No. 147.

**B. Direct Appeal**

Massey timely filed a notice of direct appeal. CR Dkt. No. 141. On direct appeal, Massey argued that the Government did not prove that his possession of the firearms affected interstate commerce; further, Massey argued that his possession of the firearms was legal under Texas law; and, finally, that the Government had not proven that Massey's right to possess firearms had not been restored to him. CR Dkt. No. 178.

On March 16, 2017, the Fifth Circuit affirmed Massey's conviction, rejecting all of his arguments. Id.; 849 F.3d 262 (5th Cir. 2017). As to his argument that the Government did not prove that his possession of the firearms affected interstate commerce, the Fifth Circuit held that the Government merely had to prove that the firearm had previously traveled in interstate commerce. It also noted that the Government had met this burden by proving that Massey's firearms had been manufactured in Vermont and Croatia. CR Dkt. No. 178. As to Massey's argument that his possession of firearms was legal under Texas law, the Fifth Circuit held that the statute "contains no requirement that the possession be illegal under state law." Id. Finally, as to Massey's claim that the Government had not proven that his right to possess the firearms had not been restored to him, the Fifth Circuit held that it was Massey's burden to establish that his rights had been restored and Massey had provided no evidence to show such a restoration. Id.

The Fifth Circuit also held that Massey's conviction did not "violate the Second Amendment, the Commerce Clause, or the Ex Post Facto Clause of the U.S. Constitution." CR Dkt. No. 178.

Massey filed a petition for a writ of certiorari with the Supreme Court. On December 4, 2017, the Supreme Court denied Massey's petition. Massey v. U.S., No. 16-9376, 2017 WL 2362945, at *1 (U.S. Dec. 4, 2017).

**C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On September 11, 2017, Massey filed a motion, pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence.[2] Dkt. No. 1. Massey raises three claims, which the Court restates as two issues: (1) that there was no federal jurisdiction over his offense and (2) the statute that he was convicted of violating is unconstitutional. Dkt. No. 1. As to the first issue, Massey appears to claim that the federal government only has criminal jurisdiction over offenses that occur on federal lands and in maritime. Dkt. No. 1. As to the second issue, i.e. constitutionality of the statute under which Massey was convicted, it would appear that the Fifth Circuit has already decided that issue on direct appeal. See CR Dkt. No. 178, p. 6.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to it.

**II. Applicable Law**

    **A. Section 2255**

Massey seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

---

[2] Massey's current petition was premature, because his conviction was not yet final. A conviction becomes final on the date that the Supreme Court denies the petition for writ of certiorari. U.S. v. Thomas, 203 F.3d 350, 355 (5th Cir. 2000). For that reason, the Court held Massey's petition and did not act on it until the Supreme Court ruled on his cert petition.

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

Furthermore, "[c]hallenges to issues decided on direct appeal are foreclosed from consideration in a § 2255 motion." U.S. v. Fields, 761 F.3d 443, 463 n. 12 (5th Cir. 2014), as revised (Sept. 2, 2014), cert. denied, 135 S. Ct. 2803, 192 L. Ed. 2d 847 (2015) (citing U.S. v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986)).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the petitioner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Massey's claims, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

**A. Jurisdiction**

Massey asserts that the federal government was "wholly void of jurisdiction" over his crimes because the constitution did not grant such jurisdiction. Dkt. No. 1, p. 4.  It appears that he is arguing that the federal government only has jurisdiction over crimes that take place in federal enclaves and in maritime jurisdictions. Id. (citing the "federal enclave clause" and the "admiralty and maritime jurisdiction" clauses of the constitution).  This claim

5

is legally frivolous.[3]

Indeed, this argument has been described as "frivolous" by at least six Courts of Appeals. U.S. v. Ingram, 397 Fed. App'x. 691, *1 (2d Cir. 2010) (unpubl.) ("These arguments are frivolous."); U.S. v. Cooper, 170 F.3d 691, 692 (7th Cir. 1999) (describing the argument as "frivolous squared"); U.S. v. Whipple, 110 F.3d 72, *1 (9th Cir. 1997) (unpubl.) ("This argument is frivolous"); U.S. v. Collins, 920 F.2d 619, 629 (10th Cir. 1990) (describing the argument as "silly" and "frivolous"); U.S. v. Dunham, 995 F.2d 45 (5th Cir. 1993) (describing the argument as "frivolous"); U.S. v. Land, 877 F.2d 17, 19 (8th Cir. 1989) (describing the argument as "frivolous").  It is well established that the federal government's criminal jurisdiction is not limited to crimes committed on federal lands. Dunham, 995 F.2d at 45 (citing Westfall v. U.S., 274 U.S. 256 (1927)).  This claim is legally meritless on its face and should be denied.

**B. Unconstitutional**

To whatever extent Massey claims that his conviction was unconstitutional, this claim was already decided by the Fifth Circuit in his direct appeal. CR Dkt. No. 178, pp. 5-7 (holding that Massey's conviction did "not violate the Second Amendment, the Commerce Clause, or the Ex Post Facto Clause of the U.S. Constitution."). Because those issues were previously resolved on direct appeal, the Court is precluded from considering them in a § 2255 petition. Fields, 761 F.3d at 463 n. 12.  In short, as a convicted felon, Massey has no constitutional right to possess a firearm. District of Columbia v. Heller, 554 U.S. 570, 626

---

[3] Based upon the language in Massey's petition, it appears that he may be arguing that he is a sovereign citizen who is not subject to federal laws. See Dkt. No. 1, p. 9 ("I am a sovereign man, above the age of consent;" "I am not a citizen of the United States under the 14th Amendment of the U.S. Constitution;" and "I am not subject to the jurisdiction of the United States government."). "The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings." U.S. v. Weast, 811 F.3d 743, 746 n. 5 (5th Cir.), cert. denied, 137 S. Ct. 126, 196 L. Ed. 2d 99 (2016).  Attempts to raise sovereign citizenship arguments have always been unsuccessful, because the argument has no basis in law or fact. See U.S. v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing defendant's proposed "sovereign citizen" defense as having "no conceivable validity in American law").

(2008)("[N]othing in our opinion [identifying a second amendment right to possess firearms] should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons....").

Furthermore, Massey is not the first defendant to make these arguments, which render the claims foreclosed by existing case law. See U.S. v. De Leon, 170 F.3d 494, 499 (5th Cir. 1999) ("This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question.").

Massey's claims are meritless and should be denied.

## IV. Recommendation

Wherefore, it is recommended that Petitioner Kevin Lyndel Massey's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Massey's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Massey's § 2255 motion raises issues that the Court has carefully considered, he

7

fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on December 7, 2017.

_____
Ronald G. Morgan
United States Magistrate Judge